THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RON INGRAM, an individual, and DONNA INGRAM, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS COPELAND CONSTRUCTION, INC., a Utah corporation, and CHRIS COPELAND, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT.**<br><br>Case No. 4:20-cv-00004-DN-PK<br><br>District Judge David Nuffer |

Defendants Chris Copeland Construction Inc. ("CCC") and Chris Copeland ("Copeland") seek to set aside[1] the Default Judgment[2] entered against them on February 28, 2020, based on mistake and excusable neglect. Plaintiffs Ron and Donna Ingram (the "Ingrams") oppose the Motion to Set Aside.[3]

Defendants' failure to timely and sufficiently answer the Ingrams' Complaint[4]—which led to the entry of their default[5] and the Default Judgment—may be attributable to mistake or excusable neglect. However, Defendants inexcusably, unreasonably, and prejudicially delayed

---

[1] Defendants' Motion to Set Aside Default Judgment ("Motion to Set Aside"), docket no. 32, filed Feb. 19, 2021.

[2] Judgment in a Civil Case ("Default Judgment"), docket no. 16, filed Feb. 28, 2020.

[3] Memorandum in Opposition to Defendants' Motion to Set Aside Default Judgment ("Response"), docket no. 40, filed Mar. 17, 2021.

[4] Complaint and Demand for Jury Trial ("Complaint"), docket no. 2, filed Jan. 28, 2020.

[5] Clerk's Default Certificate, docket no. 13, Fed. 21, 2021.

the filing of their Motion to Set Aside. The Motion to Set Aside is untimely. Therefore,

Defendants' Motion to Set Aside[6] is DENIED.

Contents

Background ................................................................................................................................... 2

Discussion ..................................................................................................................................... 5

    Defendants' failure to timely and sufficiently answer was the product of mistake or excusable neglect that could warrant relief under Rule 60(b)(1) ................................................................. 6

        Mistake .................................................................................................................................. 6

        Excusable Neglect ................................................................................................................ 8

    Defendants' Motion to Set Aside was not filed within a reasonable time ................................. 9

Order ........................................................................................................................................... 14

# BACKGROUND

The Ingrams filed their Complaint on January 28, 2020, asserting claims against Defendants arising from the construction of a cabin on the Ingrams' property in Duck Creek Village, Utah.[7] Defendants were served on January 30, 2020,[8] and their answer was due on February 20, 2020.[9] Copeland asserts that he attempted to find counsel to represent himself and CCC after being served but was unable to afford a quoted $25,000 retainer fee.[10] On February 18, 2020, Copeland filed an unsigned letter responding to the Complaint only on behalf of CCC.[11] The letter states that CCC disputes the Complaint's allegations.[12]

---

[6] Docket no. 32, filed Feb. 19, 2021.

[7] Complaint ¶¶ 1 at 1, 12-13 at 3, 19 at 4, 68-93 at 9-12.

[8] Return of Service, docket no. 9, filed Feb. 4, 2020; Return of Service, docket no. 10, filed Feb. 4, 2020.

[9] Clerk's Default Certificate ¶ 4 at 2; FED. R. CIV. P. 12(a)(1)(A)(i).

[10] Motion to Set Aside ¶ 3 at 2-3.

[11] Lodged Document, docket no. 11, filed Feb. 18, 2020.

[12] *Id.*

However, because a corporate entity must appear through counsel,[13] the letter was insufficient as an answer for CCC. And while Copeland had the ability to appear *pro se*, the letter did not purport to be an answer for him individually. Therefore, in the absence of a timely answer from Defendants and on application of the Ingrams, the Clerk of Court entered Defendants' default on February 21, 2020.[14]

The Ingrams subsequently filed a motion seeking entry of default judgment against Defendants. Default Judgment in the amount of $99,087.87 was entered in favor of the Ingrams and against Defendants on February 28, 2020.[15] The Ingrams then began attempts to collect on the Default Judgment.

On April 7, 2020, the Ingrams filed an application for writ of garnishment directed at the State Bank of Southern Utah[16] and a motion seeking examination of Defendants and production of financial records and other documents.[17] A writ of garnishment issued on April 10, 2020,[18] and a status conference was set for April 27, 2020, on the Ingrams' motion.[19]

At the April 27, 2020 status conference, Copeland appeared *pro se*.[20] The Default Judgment was discussed, and Copeland stated his desire to obtain counsel and attempt to set aside the Default Judgment. The status conference was then continued to May 11, 2020, to allow

---

[13] *Nato Indian Nation v. State of Utah*, 76 Fed. App'x 854, 856 (10th Cir. 2003).

[14] Motion for Entry of Default Certificate, docket no. 12, filed Feb. 21, 2020; Clerk's Default Certificate.

[15] Default Judgement.

[16] *Ex Parte* Application for Writ of Garnishment Upon State Bank of Southern Utah, docket no. 19, filed Apr. 7, 2020.

[17] *Ex Parte* Motion for Examination of Judgment Debtors, docket no. 20, filed April 7, 2020.

[18] Order Granting Ex Parte Application for Writ of Garnishment Upon State Bank of Southern Utah, docket no. 23, filed Apr. 9, 2020; Writ of Garnishment Upon State Bank of Southern Utah, docket no. 24, filed Apr. 10, 2020.

[19] Order Taking Under Advisement Ex Parte Motion for Examination of Judgment Debtors, docket no. 22, filed Apr. 9, 2020.

[20] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler ("Minutes for Status Conference"), docket no. 26, filed Apr. 27, 2020.

time for Copeland to obtain counsel and report his progress in obtaining the financial documents the Ingrams sought with their motion.[21]

Despite having notice of the May 11, 2020 continued status conference and being told that his appearance was required,[22] Copeland failed to appear at the hearing.[23] Copeland also failed to make any filings reporting on his efforts to obtain counsel to pursue relief from the Default Judgment, or on his progress in obtaining the financial documents. The status conference was rescheduled for May 18, 2020, and again for May 26, 2020, but was ultimately vacated because attempts to provide notice to Copeland failed.[24]

Rather than participating in the post-judgment proceedings in this action, Copeland instead retained counsel sometime in May 2020 for purposes of pursuing bankruptcy.[25] Copeland filed a bankruptcy petition approximately three months later, on August 12, 2020.[26] The bankruptcy petition's filing caused an automatic stay of the Ingrams' attempts to collect on the Default Judgment.[27] And as a result, on November 18, 2020, the Ingrams filed a notice withdrawing their motion to examine Defendants.[28]

This action then sat dormant until February 19, 2021, when Defendants filed their Motion to Set Aside. Defendants argue that the Default Judgment should be set aside based on mistake

---

[21] *Id*.

[22] *Id*.

[23] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 27, filed May 11, 2020.

[24] *Id*. Notice of Hearing, docket no. 28, filed May 15, 2020; Notice Vacating Status Conference Hearing, docket no. 29, filed May 26, 2020.

[25] Motion to Set Aside ¶ 17 at 4.

[26] *Id*. ¶ 14 at 4.

[27] 11 U.S.C. § 362.

[28] Notice of Withdrawal of *Ex Parte* Motion for Examination of Judgment Debtors, docket no. 30, filed Nov. 18, 2020.

or excusable neglect.[29] They assert that Copeland's February 18, 2020 filing of the deficient response to the Complaint was a mistake and excusable error based on his *pro se* status and unfamiliarity with court procedures.[30] They further assert that in October 2020, Copeland's bankruptcy counsel learned of an insurance policy under which Copeland and CCC could tender a claim and seek defense against the Ingrams' claims.[31]

On December 22, 2020 (two months after learning of the insurance policy; over seven months after Copeland failed to appear at the May 11, 2021 continued status conference; and nearly ten months after the Judgment's entry), Copeland tendered a claim under the insurance policy to Acuity Insurance.[32] On December 30, 2020, Acuity Insurance agreed to represent Defendants in this action.[33] Defendants filed their Motion to Set Aside approximately two months later on February 19, 2021, just nine days shy of one year after the Judgment's entry.

## DISCUSSION

Under Federal Rule of Civil Procedure 60(b)(1), the district court may set aside a default judgment based on "mistake, inadvertence, surprise, or excusable neglect."[34] Setting aside a default judgment under Rule 60(b) "'is an extraordinary procedure' which 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts.'"[35] Defendants as "the movant[s] ha[ve] the burden to plead and prove justifiable

---

[29] Motion to Set Aside at 7.

[30] *Id*. at 7-8.

[31] *Id*. ¶ 15 at 4.

[32] *Id*. ¶ 17 at 4.

[33] *Id*. ¶ 19 at 5.

[34] Fed. R. Civ. P. 60(b)(1).

[35] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Cessna Fin. Corp.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

grounds for relief permitted by the rule, and the existence of a meritorious defense."[36] Defendants also have the burden of establishing that their Motion to Set Aside is timely.[37] Where Defendants have failed to establish justifiable grounds for relief that are timely raised, it is unnecessary to consider whether there is a meritorious defense.[38]

**Defendants' failure to timely and sufficiently answer was the product of mistake or excusable neglect that could warrant relief under Rule 60(b)(1)**

**Mistake**

Relief may be granted for Rule 60(b)(1) motions premised on mistake "when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority."[39] "Deliberate and counseled decision[s]" are not considered excusable litigation mistakes.[40] Further, a party's deliberate acts which result in negative consequences cannot be undone simply because the party "misunderstands or fails to predict the legal consequences" of those deliberate acts.[41] "Nor does pro se status excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."[42] "Relief under 60(b)(1) for mistake . . . cannot be obtained unless the party makes 'some showing

---

[36] *Sprint Spectrum, L.P. v. Mega PC & Communications, Inc.*, 2006 WL 1794757, *2 (D. Kan. June 16, 2006); *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

[37] FED. R. CIV. P. 60(c); *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990).

[38] *White v. Cassey*, 30 F.3d 142 (Table), 1994 WL 395902, *1 (10th Cir. 1994) (unpublished); *Associated Intern. Ins. Co. v. Crawford*, 182 F.R.D. 623, 627 (D. Colo. 1998).

[39] *Yapp v. Excel Corp.*, 186 F.3d 1222 (10th Cir. 1999). Mistake warranting relief from a default judgment may also include "when the judge has made a substantive mistake of law or fact in the final judgment." *Id*. However, this is not relevant in this case.

[40] *Id*.

[41] *Id*.

[42] *In re Monge*, No. 19-10475-T11, 2020 WL 1649616 (Bankr. D.N.M. Apr. 2, 2020) (citations and punctuation omitted).

of why [the party] was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the laws.'"[43]

On the other hand, filing errors made by *pro se* parties are not unusual.[44] A party's *pro se* status invokes a more liberal construal and "less stringent standards than formal pleadings drafted by lawyers."[45] And "Rule 60(b) gives the court a grand reservoir of equitable power to do justice in a particular case."[46] This applies to a *pro se* litigant's "unfamiliarity with pleading requirements."[47] Therefore, where a defendant promptly attempts to answer, but does so improperly, having been "mistaken as to the proper procedure,"[48] and where "the defendant was a layman, unschooled in the ridged technicalities of pleading,"[49] it may be equitable to grant relief from a default judgment, as long as there is a meritorious defense and the motion for relief is timely.[50]

Defendants argue that their failure to appear and answer was neither deliberate nor counseled, but rather an excusable litigation mistake based on Copeland's misunderstanding that he could not represent CCC, and that his letter was not a sufficient answer for himself.[51] This argument fails to acknowledge the high standard that parties are held to when proceeding within

---

[43] *Cassey*, 1994 WL 395902, *2. (citing 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858 at 170 (1973)).

[44] *Henke v. U.S.*, 60 F.3d 795, 800 (Fed. Cir. 1995).

[45] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

[46] *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (citation omitted).

[47] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[48] *Kinnear Corp. v. Crawford Door Sales Co.*, 49 F.R.D. 3, 6 (D.S.C. 1970).

[49] *Id.*; *Douglas v. Day*, 436 F. Supp. 590, 591 (W.D. Okla. 1977).

[50] *Cessna*, 715 F.2d at 1445.

[51] Motion to Set Aside at 8; Defendants' Reply Memorandum in Support of Motion to Set Aside Default Judgment at 5, docket no. 44, filed Apr. 6, 2021.

the court system.[52] However, as a *pro se* defendant, Copeland did make an attempt, although insufficient, to timely answer the Ingrams' Complaint.[53] These circumstances may have been sufficient to call for leniency and permit relief under Rule 60(b)(1) if they were timely raised. Indeed, Defendants' ability to obtain counsel and pursue relief from the Default Judgment was a major topic of discussion during the April 27, 2020 status conference.[54] And that status conference was continued, in part, to afford Defendants additional time to obtain counsel and timely seek relief from the Default Judgment.[55]

**Excusable Neglect**

Excusable neglect is a companion to mistake as a possible basis for relief under Rule 60(b)(1). "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence."[56] "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.' The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."[57]

The factors for determining whether neglect may be excusable include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of

---

[52] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[53] Lodged Document.

[54] Minutes of Status Conference.

[55] *Id*.

[56] *Jennings*, 394 F.3d at 856 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993)).

[57] *Pioneer Inv. Servs. Co.*, 507 U.S. at 388 (quoting *Webster's Ninth New Collegiate Dictionary* 791 (1983)) (emphasis omitted).

the movant, and whether the movant acted in good faith."[58] Thus, the determination of whether to excuse a careless, neglectful omission, is essentially an "equitable one, taking account of all circumstances surrounding the party's omission."[59]

Defendants made an omission caused by carelessness when Copeland filed an unsigned letter asserting an ineffective *pro se* response on behalf of CCC, and failing to answer as an individual. These circumstances may have been sufficient to call for leniency and permit relief under Rule 60(b)(1) if timely raised.

However, at the time of the status conferences in April and May 2020, there was no question that Defendants understood Copeland's February 18, 2020 letter was deficient as an answer and that Default Judgment had entered against them. Copeland expressed his intention to obtain counsel to attempt to set aside the Default Judgment at the April 27, 2020 status conference. At that time, the Ingrams had only recently initiated the post-judgment proceedings to collect on the Default Judgment, and there likely would have been little prejudice to them if the Default Judgment was set aside. But Defendants did not seek to set aside the Default Judgment at that time. As discussed below, Defendants instead made deliberate decisions that inexcusably, unreasonably, and prejudicially delayed the filing their Motion to Set Aside for approximately nine months (from May 2020 to February 2021).

### Defendants' Motion to Set Aside was not filed within a reasonable time

A motion brought under Rule 60(b)(1) "must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding."[60] "A

---

[58] *Jennings*, 394 F.3d at 856 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

[59] *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

[60] Fed. R. Civ. P. 60(c)(1).

motion is not timely merely because it has been filed within one year of the judgment."[61] "Instead, the [district] court [must] examine[] 'the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'"[62]

"[F]ault in the delay remains a very important factor–perhaps the most important single factor–in determining whether neglect is excusable."[63] "There must be 'sufficient justification for the delay.'"[64] In considering fault, courts look to whether the delay in seeking relief was within the defendant's reasonable control.[65]

The Tenth Circuit Court of Appeals recently considered an illustrative example in *Saggiani v. Strong*.[66] In *Saggiani*, a bankruptcy court denied as untimely a Rule 60(b)(1) motion filed 11 months after entry of the order the motion sought to set aside. Saggiani's basis for the delay in filing the Rule 60(b)(1) motion was that he had trusted the bankruptcy trustee's decisions without independently investigating what defenses might be available to him.[67] Saggiani was therefore unaware of an available defense until it was brought to light in other related litigation.[68] The Tenth Circuit characterized this as a "weak explanation" for delaying 11 months to file the Rule 60(b)(1) motion.[69] "[A]ll the facts relevant to Saggiani's defense were

---

[61] *Saggiani v. Strong*, 718 Fed. App'x 706, 710, (10th Cir. 2018) (quoting *Am. Airlines, Inc.*, 915 F.2d at 1425).

[62] *Mullin v. High Mountain*, 182 Fed. App'x 830, 833 (10th Cir. 2006) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

[63] *Jennings*, 394 F.3d at 856 (quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[64] *Id*. (quoting *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005)).

[65] *Id.*

[66] 718 Fed. App'x 706.

[67] *Id*. at 709.

[68] *Id*.

[69] *Id*. at 710.

known or should have been known to him at the time he declined to object to the settlement motion."[70] And "it [was] irrelevant that he denie[d] knowing the basis for his untimely defense because those facts were available to him at the time he elected not to object."[71] The Tenth Circuit therefore affirmed the bankruptcy court's denial of Saggiani's Rule 60(b) motion as untimely.[72]

Defendants' situation is similar. Defendants knew or should have known of the facts relevant to their asserted meritorious defenses[73] prior to the entry of their default in February 2020. Defendants also knew or should have known of the existence of their insurance policy with Acuity Insurance prior to the entry of their default. And Defendants did not independently investigate into their ability to tender a claim to Acuity Insurance. There is no indication that Defendants contacted Acuity Insurance about providing representation of a defense in this action until the insurance policy was discovered by Copeland's bankruptcy counsel.

As in *Saggiani*, it is irrelevant that Defendants assert they did not know of the option to tender a claim under the insurance policy until learning of it in the bankruptcy litigation. All the necessary facts regarding their asserted meritorious defenses and the insurance policy were known or available to them at the time of their default in February 2020. Additionally, Defendants make no attempt to justify the two-month delay between counsel identifying the

---

[70] *Id.*

[71] *Id.* at 712.

[72] *Id.*

[73] Motion to Set Aside ¶ 18 at 4-5. To support a meritorious defense to the Ingrams' claims, Defendants assert: CCC's work was delayed two months for concrete to be poured before framing; once framing began, heavy snow fell which required clearing twice a day for work to continue; the Ingrams told CCC to stop clearing snow and hired someone else who did not properly clear the snow causing the site to freeze over; when the snow melted in July 2019 the area was covered with two feet of mud and water; CCC could not continue its work until the end of July 2019 when dirt was brought in to backfill; and CCC worked every weekday until the Ingrams told them to stop and leave the property. *Id.*

insurance policy in October 2020, and the December 2020 tender of the claim to Acuity Insurance. Defendants' 10-month delay (from February 2020 to December 2020) in tendering a claim to Acuity Insurance is not excusable nor does it support a finding that their Motion to Set Aside was filed within a reasonable time.

Moreover, Defendants' delay in filing their Motion to Set Aside was the product of a deliberate decision in May 2020 to pursue bankruptcy rather than relief from the Default Judgment. Defendants were aware of the Default Judgment and were given the opportunity to obtain counsel and seek relief from the Default Judgment at the April 27, 2020 status conference. Copeland had received a $25,000 retainer quote for representation in this action after being served with the Ingrams' Complaint.[74] But there is nothing indicating that Defendants attempted to obtain additional quotes or made any efforts to obtain counsel in this action following the April 27, 2020 status conference. On this record, Defendants deliberately chose not to appear at the May 11, 2020 continued status conference; deliberately chose not to obtain counsel in this action or to pursue relief Default Judgment; and deliberately chose to instead obtain counsel for purposes of filing a bankruptcy petition. These deliberate decisions of Defendants delayed the filing of the Motion to Set Aside approximately nine months (from May 2020 to February 2021).

In *Mullin v. High Mountain*, the defendant filed a motion to set aside default judgment 11 months after the judgment's entry.[75] However, approximately one month after the judgment's entry, the defendant made a deliberate decision to file for bankruptcy.[76] The Tenth Circuit Court of Appeals was unpersuaded by the defendant's asserted justifications for the delay:[77] "[a]ny

---

[74] *Id*. ¶ 3 at 2-3.

[75] 182 Fed. App'x at 832.

[76] *Id*. at 834.

[77] *Id*. at 833-34.

delay caused by these [bankruptcy] proceedings was [the defendant's] own creation; it chose to initiate bankruptcy proceedings after the default judgment had already been entered."[78] This included the six months the defendant waited while seeking permission from the bankruptcy trustee to seek relief from the judgment, as well as the 49 days the defendant waited to file a motion to set aside the judgment after obtaining permission from the trustee.[79]

Defendants' nine-month delay (from May 2020 to February 2021) in this case is similarly their own creation. Defendants made the deliberate choice to seek bankruptcy instead of promptly seeking relief under Rule 60(b). This nine-month delay in filing the Motion to Set Aside is inexcusable, unreasonable, and has prejudiced the Ingrams.

Relying on the Default Judgment, the Ingrams hired another contractor to complete work on their property, purportedly fixing damages caused by Defendants.[80] The Ingrams assert that this has resulted in evidence of their damages being lost,[81] though such damages may be shown through depositions, photographs, and expert witnesses. The Ingrams also expended time and money initiating post-judgment collection proceedings, which were delayed and ultimately stayed as a result of Copeland's decision to file for bankruptcy rather than participate in this action. Copeland's decision to file for bankruptcy also caused the Ingrams to expend additional time and money to enforce the Default Judgment through adversarial proceedings in the bankruptcy case.[82] Considering all the circumstances, Defendants' attempt to now rewind their

---

[78] *Id.* at 834.

[79]

[80] Response at 10.

[81] *Id.*

[82] *Id.* at 10-11.

May 2020 decision to pursue bankruptcy rather than seek relief from the Default Judgment would substantially prejudice the Ingrams.

On this record, "the interest in finality is great."[83] Defendants knew or should have known of the facts relevant to their asserted meritorious defenses and insurance policy prior to the entry of their default in February 2020. Defendants knew of the Default Judgment's entry and their ability to seek relief from the Default Judgment at the April 27, 2020 status conference, and were given time to obtain counsel and seek such relief. But Defendants did not do so until nine months later. This delay was the product of Defendants' deliberate decision in May 2020 to pursue bankruptcy rather than relief from the Default Judgment. And setting aside the Default Judgment after such delay would act as a substantial prejudice to the Ingrams. Because the filing of Defendants' Motion to Set Aside was not within a reasonable time, the Motion to Set Aside[84] is DENIED.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Set Aside[85] is DENIED.

Signed May 25, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[83] *Sprint Spectrum, L.P.*, 2006 WL 1794757, *3.

[84] Docket no. 32, filed Feb. 19, 2021.

[85] Docket no. 32, filed Feb. 19, 2021.